Christopher Sproul (Cal. Bar No. 126398)
Stuart Wilcox (Cal. Bar No. 327726)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Emails: csproul@enviroadvocates.com
wilcox@envirodavocates.com

Sarah Spinuzzi (Cal. Bar No. 305658)
Lauren Chase (Cal. Bar No. 324162)
ORANGE COUNTY COASTKEEPER
3151 Airway Ave., Suite F-110
Costa Mesa, California 92626
Telephone: (714) 850-1965
Email: sarah@coastkeeper.org
Email: lauren@coastkeeper.org

Attorneys for Plaintiff
ORANGE COUNTY COASTKEEPER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORANGE COUNTY COASTKEEPER, a California non-profit corporation, | Civil Case No. 22-CV-870 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| UNITED STATES COAST GUARD, | |
| Defendant. | |

Orange County Coastkeeper ("Coastkeeper"), by and through counsel, hereby alleges as follows:

## INTRODUCTION

1.      Coastkeeper brings this action under the Freedom of Information Act ("FOIA"), which, amongst other things, allows an aggrieved party to seek relief when records are unlawfully withheld, and authorizes a reviewing court to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B). Coastkeeper seeks declaratory and injunctive relief for FOIA violations by the United States Coast Guard ("USCG"). Coastkeeper submitted a FOIA request to USCG on October 22, 2021 (the "FOIA Request"), and this lawsuit addresses USCG's failure to comply with the requirements of FOIA with regard to that FOIA Request.

2.      Recognizing that FOIA requesters are harmed when agencies do not ensure prompt public access to agency records, Congress has repeatedly amended FOIA to address unreasonable agency delay. For example, the Electronic Freedom of Information Act Amendments of 1996 confirmed "[t]he purposes of this Act are to-- (1) foster democracy by ensuring public access to agency records and information; (2) improve public access to agency records and information; (3) ensure agency compliance with statutory time limits; and (4) maximize the usefulness of agency records and information collected, maintained, used, retained, and disseminated by the Federal Government." 110 Stat. 3048, 104 P.L. 231, Sec. 1.

3.      Given the time-sensitive nature of FOIA requests, FOIA litigation is subject to expedited judicial consideration. Unlike other civil litigation involving a federal agency, a responsive pleading is required within thirty days of service. 5 U.S.C. § 552(a)(4)(C) ("Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days

after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.").

4.     In California, the USCG serves as the Federal On-Scene Coordinator for oil spill response and cleanup actions on navigable waters, including the Pacific Ocean. The USCG also monitors removal actions, operates the National Response Center, and can access federal funding for abating and mitigating spills. *See* https://nrm.dfg.ca.gov/FileHandler.ashx?DocumentID=172767&inline. On information and belief, USCG also conducts oversight of oil production platforms related to general health and safety.

5.     On October 1, 2021, the San Pedro Bay Pipeline (the "Pipeline") ruptured offshore of Huntington Beach, spilling approximately 25,000 gallons of crude oil into the marine environment. While the USCG Unified Command's initial, October 3, 2021 news release stated "[t]he Coast Guard received an initial report of an oil sheen off the coast of Newport Beach Saturday [October 2, 2021] at approximately 9:10 a.m," *see* https://socalspillresponse.com/newport-beach-oil-spill-response-initial-unified-command-release/, the USCG National Response Center reports confirm USCG was notified of the sheen by 8:22 p.m. on Friday, October 1, 2021.

6.     The records in the FOIA Request seek to determine USCG's practices and policies for preventing, investigating, and responding to oil spills and other sources of offshore environmental pollution. These records are crucial to inform the public about USCG's role in controlling oil spills and other sources of pollution, which have obvious negative implications for public health and the environment.

7.     USCG has failed to issue a final determination on Coastkeeper's FOIA Request and corresponding fee waiver request in compliance with FOIA's mandatory timelines; improperly withheld agency records that are responsive to the FOIA Request; and failed to conduct an adequate search for records that are responsive to the FOIA Request. USCG's violations of FOIA at issue in this case have thwarted Coastkeeper's

efforts to timely receive current information in USCG's possession and have hampered Coastkeeper's efforts to serve as an effective public interest watchdog over USCG's activities.

## JURISDICTION

8.     This Court has subject matter jurisdiction under 5 U.S.C. § 552(a)(4)(B), which allows an aggrieved party to seek relief when records are unlawfully withheld, and authorizes a reviewing court to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

9.     This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

10.     This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

11.     "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

12.     The FOIA claims made in this Complaint are ripe for judicial review and the harm USCG has caused to Coastkeeper can be remedied by an order of this Court.

13.     This Court has personal jurisdiction over USCG and its officials because USCG is an agency of the federal government operating within the United States.

## VENUE

14.     Venue in the United States District for the Central District of California is proper under 5 U.S.C. § 552(a)(4)(B) because the complainant has its principal place of business in the Central District of California.

## **THE PARTIES**

15.     Plaintiff ORANGE COUNTY COASTKEEPER is a non-profit, public benefit corporation, organized under the laws of the State of California, with a mission to preserve the region's water resources so they are swimmable, drinkable, and fishable for present and future generations. To further its environmental advocacy goals, Coastkeeper actively seeks federal and state agency implementation of state and federal environmental laws and, as necessary, directly initiates enforcement actions on behalf of itself and its members. Coastkeeper also has habitat restoration and research projects in Newport Bay and Alamitos Bay and a variety of other education and volunteer programs to carry out its mission.

16.     Any person or entity that files a FOIA request is deemed to have standing to invoke the jurisdiction of the Federal Courts to carry out the judicial review provisions of FOIA. Coastkeeper filed the FOIA Request at issue and has standing to bring this FOIA suit.

17.     Coastkeeper brings this action on its own behalf and on behalf of its adversely affected members and staff. Coastkeeper works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Coastkeeper then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources, including reports posted on its website and social media accounts and through television, radio, print media, and in-person events and interviews. Coastkeeper's successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Coastkeeper also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

18.     Coastkeeper regularly uses FOIA as an important avenue for gaining information about agency activities. Coastkeeper is harmed when it is denied timely access to records to which it is entitled. Without this information, Coastkeeper cannot successfully serve as an effective public interest watchdog ensuring that USCG is lawfully fulfilling its statutory duties and acting in the public interest.

19.     Coastkeeper intends to continue its use of FOIA to access agency records in the possession of USCG. Specifically, Coastkeeper has concrete plans to submit additional FOIA requests to USCG as Coastkeeper's advocacy efforts continue, and to follow up on the information learned while reviewing agency records responsive to the present FOIA Request.

20.     One of the purposes of FOIA is to promote the active oversight role of public advocacy groups incorporated in many federal laws applicable to federal agencies, including the Clean Water Act. *See, e.g.,* 5 U.S.C. §§ 551, *et seq*. Coastkeeper uses FOIA to publicize activities of federal agencies and to mobilize the public to participate in advocacy to elected and other government officials concerning environmental policies. Coastkeeper intends to continue using FOIA requests to fulfill its oversight and advocacy role through scrutinizing agency records, a practice Congress intended to promote through the adoption of FOIA. Coastkeeper's FOIA Request seeks to understand USCG actions and policies that threaten the ability of USCG to carry out its very mission, "to ensure our Nation's maritime safety, security and stewardship." This harm can be remedied, in part, by ensuring Coastkeeper and other requesters have prompt access to public records going forward.

21.     Coastkeeper, its staff, and/or one or more of its members have and will suffer direct injury by the USCG's failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress that injury. USCG's refusals to provide timely FOIA access to agency records prevents Coastkeeper's ability to participate as an informed watchdog, looking over USCG's actions to ensure that it

adequately carries out its missions, including marine safety, living marine resources (fisheries law enforcement), and marine environmental protection. 6 U.S.C. § 468. Harm to the marine environment flows from USCG's FOIA violations, which conceal the facts and circumstances surrounding USCG's oversight of offshore oil and gas activities.

22.     Defendant UNITED STATES COAST GUARD is an agency as defined by 5 U.S.C. § 552(f)(1) that is responsible for ensuring the nation's maritime safety, security, and stewardship. FOIA charges USCG with the duty to provide public access to agency records in its possession or control. USCG possesses records responsive to Coastkeeper's FOIA Request. USCG is denying Coastkeeper access to its records in contravention of federal law.

23.     USCG failed to lawfully make a determination on Coastkeeper's FOIA Request within the statutory twenty-working-day limit. As of this filing, USCG possesses, controls, and unlawfully withholds agency records and information in agency records responsive to Coastkeeper's FOIA Request that is not subject to a FOIA exemption. As of this filing, USCG has not completed a FOIA-compliant search for records responsive to the FOIA Request.

## STATUTORY AND REGULATORY BACKGROUND

24.     FOIA was amended in 2007 to reaffirm that Congress, through FOIA, continues to seek to "ensure that the Government remains open and accessible to the American people and is always based not upon the 'need to know' but upon the fundamental 'right to know.'" Pub. L. No. 110-175, 121 Stat. 2524, Section 2 ¶6 2007).

25.     Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, and this puts all questions of FOIA compliance, including but not limited to failure to comply with the twenty-business-day determination deadline, within the jurisdiction of the federal courts. 5 U.S.C. § 552(a)(6)(C)(i).

26.     FOIA requires that an agency disclose records to any person except where the record falls under a specifically enumerated exemption. 5 U.S.C. § 552. The courts have emphasized the narrow scope of these exemptions and "the strong policy of the FOIA that the public is entitled to know what its government is doing and why." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980).

27.     When an agency decides to withhold records under a claim of exemption, it must notify the person making the request of that determination and the reasons therefor. 5 U.S.C. § 552(a)(6)(A)(i). Government agencies bear the burden of proof to show that any withheld records are exempt from the otherwise complete duty to disclose. 5 U.S.C. § 522(a)(4)(B).

28.     On June 30, 2016, President Obama signed into law the FOIA Improvement Act of 2016. This Act made significant amendments to FOIA, effective as of enactment on June 30, 2016. The amendments include changes to the standard by which USCG must evaluate potential withholdings. The FOIA Improvement Act of 2016 dictates that agencies shall withhold information only if disclosure would harm an interest protected by an exemption – what is referred to as the "foreseeable harm standard" – even if that information is arguably subject to an exemption claim by the agency. 5 U.S.C. § 552(a)(8)(A)(i).

29.     5 U.S.C. § 552(a)(6)(A)(i) requires that the agency provide enough information, presented with sufficient detail, clarity, and verification, so that the requester can fairly determine what has not been produced and "the reasons therefore."

30.     FOIA also requires an agency to consider partial disclosure whenever the agency determines that full disclosure of a requested record is not possible and to take reasonable steps necessary to segregate and release nonexempt information. 5 U.S.C. § 552(a)(8)(A).

31.     FOIA requires that an agency, upon any request for records, shall promptly make the records available. 5 U.S.C. § 552(a)(3)(A). An agency shall make a

determination whether to comply with a request within twenty business days after the receipt of the request and shall immediately notify the party making the request of such determination, the reasons for the determination, and the party's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i).

32.     In unusual circumstances, the agency may extend the time for the determination, for no more than ten days, by written notice to the party, specifying the reasons for the extension and the date on which the agency expects to provide the determination. 5 U.S.C. § 552(a)(6)(B)(i). "Unusual circumstances" means (1) the need to search for and collect requested records from field facilities or other establishments separate from the office processing the request; (2) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records; or (3) the need for consultation with another agency or agency component having a substantial interest in the determination of the request. *Id*. Consultation with another agency must be conducted with all practicable speed. 5 U.S.C. § 552(a)(6)(B)(iii)(III).

33.     Federal agencies are under a duty to conduct a reasonable search for records responsive to a party's request using methods that can be reasonably expected to produce the records requested to the extent those records exist. 5 U.S.C. § 522(a)(3)(C).

34.     FOIA disputes are normally resolved on summary judgment, with the burden of proving FOIA compliance falling on the agency even if the requester files for summary judgment. The agency must carry its burden of demonstrating all elements of FOIA compliance.

## FACTUAL BACKGROUND
### Coastkeeper's FOIA Request

35.     On October 22, 2021, Coastkeeper submitted the FOIA Request to USCG. This FOIA Request, and USCG's violations of FOIA related to it, are the bases for this lawsuit.

36.    Coastkeeper's FOIA Request seeks several specific categories of records relating to Oil Facilities (defined to include the Pipeline, its terminus at the Beta Pump Station, and offshore platforms Ellen, Elly, and Eureka) and their operator Entities (defined to include Amplify Energy Company; San Pedro Bay Pipeline Company; Beta Offshore Operating Company, LLC; and Memorial Production Partners LP) since September 1, 2016 including: (1) inspection reports; (2) notices of deficiencies, violation, penalties or other documentation related to violations; (3) Emergency Evacuation Plans; (4) documents related to Oil Spill Financial Responsibility and/or Certificates of Financial Responsibility; (5) reports of leaks, spills, or other sources of environmental pollution; (6) radio calls concerning leaks, spills, or other sources of environmental pollution; and (7) memoranda regarding leaks, spills, or other sources of environmental pollution. Coastkeeper's FOIA Request also requested USCG waive all fees in connection with the FOIA Request in accordance with 5 U.S.C. § 522(a)(4)(A)(iii).

37.    The requested records constitute the best available evidence of USCG's response to pollution reports and general oversight of offshore oil and gas activities.

38.    USCG's final determination on Coastkeeper's FOIA Request was due November 22, 2021. *See* 5 U.S.C. § 552(a)(6)(A)(i). USCG did not even *acknowledge* Coastkeeper's FOIA Request until December 9, 2021, 17 days after the *final determination* was due.

39.    As of this filing, the most recent update Coastkeeper received on its FOIA Request was an email from USCG on March 29, 2022 noting the FOIA coordinator is "in the process of reaching out to individual sub-units to determine if specific documents relevant to your request exist."

40.    As of this filing, USCG still has not made or communicated a final determination for Coastkeeper's FOIA Request, nor the corresponding fee waiver request. This is both a violation of FOIA's deadlines and a constructive withholding of records.

41.     As of this filing, USCG has also failed to produce a single responsive record and failed to provide Coastkeeper any indicated timeline for disclosure of responsive records. As a result, as of this filing, USCG currently possesses or controls, and is withholding, these agency records, which are responsive to Coastkeeper's FOIA Request and are not subject to a FOIA exemption. USCG's withholding of agency records is unlawful.

42.     As of this filing, USCG has also failed to complete a FOIA compliant search for records responsive to the FOIA Request.

43.     Coastkeeper now turns to this Court to provide relief that ensures Coastkeeper, its membership, and the public have the prompt public access to agency records guaranteed by FOIA. 5 U.S.C. § 552(a)(6).

## USCG's FOIA Backlog

44.     In a September 2015 Compliance Assessment Report, the Office of Government Information Services ("OGIS") highlighted how failure to timely respond to FOIA requesters is an issue for USCG. In the Report, OGIS found that USCG is not effectively managing challenges created by its decentralized FOIA process, is under-utilizing technology to overcome particular challenges, and needs to improve communication with requesters. https://www.archives.gov/files/ogis/assets/coast-guard-foia-compliance-report-final-september-2015.pdf.

45.     In March 2020, the U.S. Department of Homeland Security ("DHS") released a FOIA Backlog Reduction Plan, noting "FOIA backlogs have continued to be a systemic problem at DHS" and the "inability to control the backlog has sparked seven Government Accountability Office ("GAO") engagements, three Inspector General engagements, eight OGIS engagements, two Congressional hearings, and countless media stories." https://www.dhs.gov/sites/default/files/publications/final_dhs_backlog_reduction_plan_2020-2023_3.6.20.pdf. The FOIA Backlog Reduction Plan's first stated goal is to

"[i]mprove service to the public by . . .[in part, r]esponding to FOIA Requests in a Consistent Timely Manner [and r]educing the Age of Open Requests." *Id.* at 12. Upon information and belief, USCG has failed to meet these goals and has chosen to employ insufficient staffing to address its FOIA request backlog. Due to USCG's chosen insufficient staffing, the backlog of FOIA requests is likely to continue to grow rather than to diminish in the future unless USCG reverses course and assigns more staff to responding to FOIA requests. As an example of USCG's ongoing systemic issues responding to FOIA requests, USCG's delayed, initial December 9, 2021 email acknowledging Coastkeeper's FOIA Request apologized for the delay and attributed the same to the request being "shuffled around and assigned to an incorrect Sector." The response did not include a determination, request for a determination extension, response to Coastkeeper's fee waiver request, or estimated completion date.

46.     USCG's general failure to comply with FOIA has led Coastkeeper to file this lawsuit seeking to force USCG to comply with the law and timely produce records.

## FIRST CLAIM FOR RELIEF

**Violation of FOIA - Constructive Denial, Violation of Decision Deadlines, and Unlawful Withholding of Agency Records Responsive to the FOIA Request**

47.     Coastkeeper repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

48.     USCG has not communicated to Coastkeeper the scope of the records it intends to produce and/or withhold in response to the FOIA Request or its reasons for withholding any records, and has not disclosed to Coastkeeper many records responsive to the FOIA Request.

49.     USCG violated FOIA by failing to provide a lawful determination on Coastkeeper's October 22, 2021 FOIA Request within the statutory twenty-day period. 5 U.S.C. § 552(a)(6)(A)(i).

50.     This failure to make a lawful determination on Coastkeeper's FOIA Request by the determination deadline is a constructive denial and wrongful withholding of the records Coastkeeper requested in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i), (C)(i).

51.     USCG continues to violate FOIA by not making responsive records promptly available to Coastkeeper. 5 U.S.C. § 552(a).

## SECOND CLAIM FOR RELIEF

### Violation of FOIA – Failure to Conduct an Adequate Search

52.     Coastkeeper repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

53.     Coastkeeper has a statutory right to have USCG process its FOIA Request in a manner that complies with FOIA. Coastkeeper's statutory rights in this regard were violated when USCG unlawfully failed to undertake a search reasonably calculated to locate records responsive to the FOIA Request.

54.     USCG continues to violate FOIA by failing to conduct and document a lawful search for responsive records, which is a condition precedent to a lawful determination. On information and belief, USCG has withheld responsive agency records due to an unlawfully narrow search. 5 U.S.C. § 552(a)(3)(B)-(C).

## THIRD CLAIM FOR RELIEF

### Violation of FOIA – Unlawful Delay of Fee Waiver Processing

55.     Coastkeeper repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

56.     Coastkeeper has a statutory right to the fee waiver it seeks. There is no legal basis for USCG to delay final processing of Coastkeeper's October 22, 2021 fee waiver request or to refuse to grant the request. 5 U.S.C. § 552(a)(4)(A)(iii).

57.     USCG continues to violate FOIA by unlawfully delaying the processing of Coastkeeper's October 22, 2021 fee waiver request in violation of the FOIA. 5 U.S.C. § 552(a)(4)(A)(iii).

**FOURTH CLAIM FOR RELIEF**

**Violation of FOIA – Failure to Provide an Estimated Completion Date**

58.     Coastkeeper repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

59.     Pursuant to 5 U.S.C. § 552(a)(7)(B)(ii), "Each agency shall . . . establish a phone line or Internet service that provides information about the status of a request to the person making the request . . . including . . . an estimated date on which the agency will complete action on the request."

60.     USCG continues to violate FOIA by failing to provide an estimated date of completion for Coastkeeper's FOIA Request.

**REQUEST FOR RELIEF**

WHEREFORE, Coastkeeper respectfully requests that this Court enter judgment providing the following relief:

A.     Enter findings and declare that USCG violated its duty to comply with FOIA's statutory deadlines with regard to Coastkeeper's FOIA Request and corresponding fee waiver request;

B.     Enter findings and declare that USCG violated FOIA by unlawfully withholding agency records responsive to Coastkeeper's FOIA Request;

C.     Enter findings and declare that USCG violated FOIA by failing to conduct a search reasonably calculated to locate the records responsive to Coastkeeper's FOIA Request;

D.     Direct by injunction that USCG provide Coastkeeper a lawful determination on Coastkeeper's FOIA Request by a date certain, within twenty working days of any such order;

E.     Direct by order that USCG grant Coastkeeper's fee waiver request;

F.     Direct by order that USCG conducts a lawful search for responsive records;

G.     Direct by injunction that USCG promptly provide all agency records responsive to Coastkeeper's FOIA Request that are not properly subject to withholding pursuant to one of the nine recognized FOIA exemptions;

H.     Direct by order that USCG provide Coastkeeper with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974);

I.     Grant Coastkeeper's costs of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

J.     Provide such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED, April 25, 2022.**

Christopher a. Sproul

_____
Christopher Sproul (CA Bar No. 126938)
Environmental Advocates
5135 Anza Street
San Francisco, CA 94121
(415) 533-3376
csproul@enviroadvocates.com

*Attorney for Plaintiff*